IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHARLES M. DUNCAN,

        Plaintiff,

v.

                              Case No. 1:15-cv-01006-JDB-egb

STRYKER ORTHOPAEDICS,

        Defendant.

## REPORT AND RECOMMENDATION

Before this Court is the one-page complaint of *Pro Se* Plaintiff seeking five-million dollars in damages and two-million dollars in punitive damages stemming from a hip implant on September 29, 2009. He filed this lawsuit on January 8, 2015. Defendant has filed a Motion for Summary Judgment [D.E. 10]. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

### Relevant History

Plaintiff states that the implant was installed on September 29, 2009, and a month later it failed. (Response to Motion for Summary Judgment, p. 2). On May 24, 2011 Plaintiff filed a Medical Device Report (MDR) with the Food and Drug Administration (FDA) MAUDE database reporting that within a

month of receiving his implant, he began experiencing issues with it, including pain and "squeaking." (Affidavit of Adriana Agnihotri at par. 4).

By October 2011, Plaintiff had retained attorney Russell Larson who communicated for a time with Defendant. According to Defendant, Mr. Larson notified Stryker that he had been retained by Plaintiff relative to Plaintiff's belief that he had sustained an injury as a result of his surgery. (Def. Statement of Material Facts par. 4). By correspondence of December 6, 2011 he provided Defendant documents including a medical release. It appears that the last letter from an attorney Larson was his letter of August 22, 2012, to the Complaint Administrator of Defendant asking if there was any further information needed by Defendant. (Def. Statement of Material Facts par. 6-8, Agnihotri Aff.)

Plaintiff' filed his lawsuit *pro se* on January 8, 2015. In the affidavit of the application to proceed *in forma pauperis*, Plaintiff notes Mr. Larson as an attorney and that he expects to be paid a contingency fee. Later on January 15, 2015, in another attempt to have the filing fee waived, Plaintiff then listed as his attorneys Akin, Mears, G.P. of Houston, Texas and that they were handling this on a contingency fee. In his Response, Plaintiff states that he would have filed his lawsuit sooner if

he had known about the recall or class action lawsuit, and also that he kept trying to find legal representation, to no avail. Plaintiff states that Mr. Larson withdrew from his case due to lack of expertise in the litigation of the case.

## Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celeotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). With motions asserting the expiration of the statute of limitations, because it "is an

affirmative defense, the burden is on the defendant to show that the statute of limitations has run, and if the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Van Dyke v. Howmedica Osteonics Corp. d/b/a Stryker Orthopedics*, No. 2:13-cv-303, 2014 U.S. Dist. LEXIS 157613 at *6 (E.D. Tenn. Sept. 30, 2014) (internal citations omitted).

Argument

Defendant asserts the statute of limitations has expired and as such, correctly concedes that it has the burden of establishing this defense. *See Van Dyke v. Howmedica Osteonics Corp. d/b/a Stryker Orthopaedics*, No. 2:13-cv-303, 2014 U.S. Dist. LEXIS 157613, at *6(E.D. Tenn. Sept. 30, 2014) (internal citations omitted).

The parties do not dispute when Plaintiff discovered his injury. Plaintiff admits that he was on notice that the device failed within one month of his surgery on September 29, 2009. Further, the Plaintiff' sought out attorney Larson and on October 11, 2011, Mr. Larson informed Defendant of his representation. There appears to have been an ongoing dialogue in this matter, to include what additional information Defendant needed. These actions by Plaintiff were clear indications by

4

Plaintiff of an impending legal claim based on the implant procedure.

As Defendant points out, the Tennessee statute of limitations requires such a suit be filed within one year after the cause of action accrued. *See* Tenn. Code Ann. §28-3-104(a)(1). While a plaintiff may invoke the discovery rule to toll the statute of limitations where injuries are latent, lack of knowledge regarding the extent of harm is insufficient to toll the statute of limitations if the plaintiff knew or should have known he suffered an injury. *Housh v. Morris*, 818 S.W.2d 39, 43 (Tenn. Ct. App. 1991).

Without citation to any authority supporting his position, Plaintiff urges the court that the limitations period should not have begun to run until the suit had been presented before the court, and that the interests of justice require tolling. However, Plaintiff is unpersuasive and has failed to meet his burden. A court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert,* 68 Fed. Appx 573, 574 (6th Cir. 2003).

For all of these reasons, the Magistrate Judge recommends that the Defendant's Motion for Summary Judgment be GRANTED.

Respectfully Submitted this 26th day of January, 2016.

                                      <u>**s/Edward G. Bryant**</u>
                                      UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**